**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H 06-129-1 |
| | § | |
| ROBERTO MENDOZA GONZALEZ | § | |
| (Civil Action No. 08-216) | § | |

**MEMORANDUM AND OPINION**

Roberto Mendoza Gonzalez seeks a reduction in his sentence. On August 21, 2006, Mendoza Gonzalez pleaded guilty to a two-count superseding indictment that charged him with possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine and with possessing and aiding and abetting the possession of a mixture and substance containing a detectable amount of cocaine, with the intent to distribute. There was no written plea agreement. Mendoza Gonzalez was sentenced to a 70-month prison term. He did not appeal.

In this motion, Mendoza Gonzalez claims that because of his status as a deportable alien, he is ineligible for a reduction in his sentence by participating in a residential drug abuse program and that he cannot be placed in a halfway house. (Docket Entry No. 90). Mendoza Gonzalez claims that "[t]his places the defendant to serve sentence [sic] under circumstance [sic] more severe than those facing citizens under similar circumstance [sic]." (*Id.*) Mendoza Gonzalez asks the court to reduce his sentence by six months, citing *United*

*States v. Restrepo,* 802 F.Supp. 781 (E.D.N.Y. 1992). The government has moved to dismiss.

Mendoza Gonzalez is proceeding *pro se*. Courts construe *pro se* litigants' pleadings under a less stringent standard than is applied to pleadings filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by a *pro se* litigant are liberally construed. *See United States v. Pena,* 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.,* 86 F.3d 469, 472 & n.16 (5th Cir. 1996)).

Mendoza Gonzalez's motion asks that his sentence be reduced because of his status as a deportable alien. He claims that his equal protection rights under the Fourteenth Amendment are being violated because, as a deportable alien, he is required to serve a harsher sentence than United States citizens. In particular, he points to the fact that, as a deportable alien, he is not entitled to a one-year reduction in sentence for participating in the BOP drug treatment program and is not eligible for a halfway house.

In light of the Supreme Court's decision in *Castro v. United States,* 540 U.S. 375 (2003), this motion should not be treated as filed under section 2255. *Cf. Castro,* 540 U.S. at 383 (if a district court recharacterizes a postconviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Nor does the motion appear to be properly filed under section 2241. *See United States v. Weathersby,* 958 F.2d

65, 66 (5th Cir.1992); *Hooker v. Sivley,* 187 F.3d 680, 682 (5th Cir. 1999). Because this motion seeks a sentence reduction, it is properly considered as a motion to reduce sentence under 18 U.S.C. § 3582.

Other courts in this district have recently addressed similar motions. *See United States v. Sturcke*, No. C-01-21, 2008 WL 190396 (S.D. Tex. Jan. 22, 2008) and *United States v. Sanchez*, No. C-06-442(3), 2007 WL 4410822 (S.D. Tex. Dec. 13, 2007). As discussed in those cases, a district court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). *United States v. Bridges,* 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to: (1) when the Bureau of Prisons moves the court to modify the sentence for reasons outlined in § 3582(c)(1); (2) when, under Rule 35 of the Federal Rules of Criminal Procedure, the government moves for a reduction due to substantial assistance or to correct a clerical mistake (within seven days after the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. *See* § 3582(c). Mendoza Gonzalez fails to assert grounds for modification that fall into any of these categories. This court is without authority to reduce his sentence.

Moreover, Mendoza Gonzalez's substantive claim is without merit. The determination as to whether an inmate is eligible for participation in the BOP's program and any resulting reduction in sentence are within the discretion of the BOP. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody

after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve"). Section 3621(e) (2)(B) grants the Bureau of Prisons the discretion to determine which inmates receive the benefit of early release. *Lopez v. Davis,* 531 U.S. 230 (2001). Similarly, it is the BOP that decides where to place inmates and whether placement in a halfway house is appropriate, and the BOP that implements policies governing prison employment.

Although Mendoza Gonzalez claims unequal treatment, the BOP's policies excluding deportable aliens and INS detainees from drug-treatment programs and community-based placement have withstood similar challenges. *See, e.g.*, *McLean v. Crabtree,* 173 F.3d 1176, 1180–85 (9th Cir. 1999) (BOP's rule prohibiting prisoners with INS detainers from receiving sentence reduction under substance abuse treatment statute does not violate due process or equal protection); *Bazuaye v. Tombone,* 275 F.3d 44, 2001 WL 1223857 (5th Cir. Oct.5, 2001) (rejecting equal protection claims and due process claims of INS detainee who was ineligible for sentence reduction for drug treatment and ineligible for community-based placement); *Perez-Martinez v. United States,* 235 Fed. Appx. 228, 229 (5th Cir. 2007) (similar equal protection claim failed because petitioner did not show that he was being treated differently than similarly situated persons or that the restrictions on INS detainees' participation in the drug-treatment program are irrational, citing *Rublee v. Fleming,* 160 F.3d 213, 214, 217 (5th Cir. 1998) (flight risk is rational basis for ineligibility for community-

4

based programs); *Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir.1998) ("rational basis" review of early-release claim)).

Even if Mendoza Gonzalez had asked at sentencing for a reduced sentence due to his status as a deportable alien, his request would not have been granted. At the time of his sentencing, the sentencing guidelines provided that a downward departure on the ground that the defendant is a deportable alien, while permissible, would be proper only in extraordinary cases, and such cases were considered "highly infrequent." *See United States v. Garay,* 235 F.3d 230, 232–33 & n.8 (5th Cir. 2000); *see also United States v. Maldonado,* 242 F.3d 1, 4–5 (1st Cir. 2001) ("a deportable alien who commits a crime is still within the 'heartland' of the guidelines"; "the common facts of a long sentence and likely deportation" do not by themselves make a case extraordinary such as to warrant a downward departure). In light of the determination that Mendoza Gonzalez's motion is not properly construed as a § 2255 motion, the Clerk is directed to administratively close the corresponding civil action opened in connection with his motion, Civil No. H-08-216.

SIGNED on July 7, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge